# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN DEUAUGHN-HOBBY,<br><br>                          Petitioner,<br><br>v.<br><br>WILLIAM GORE, Warden,<br><br>                         Respondent. | Case No. 18-cv-1196-BAS-AGS<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO DISMISS PETITION**<br>**[ECF No. 14];**<br><br>**(2) DISMISSING PETITION**<br>**[ECF No. 1];**<br><br>**AND**<br><br>**(3) DENYING CERTIFICATE OF APPEALABILITY** |

*Pro se* Petitioner Calvin Deuaughn-Hobby filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on June 5, 2018, seeking to challenge his extradition from New York to California. (ECF No. 1.) Petitioner avers that his due process right to a habeas corpus proceeding was violated because he "was never given a chance to file a writ of habeas corpus in state court" in New York. (*Id*. at 3.) Petitioner indicates that he requested a habeas proceeding "[o]n January 25, 2018 in Monroe County Court City of Rochester state of New York," but did not receive such a proceeding and was "delivered up to the demanding state[.]" (*Id.* at 4, 5.) This Court instructed the California Attorney General to show cause why the Petition should not be granted. (ECF No. 6.) The Attorney

General has moved to dismiss the Petition as moot given Petitioner's extradition to California. (ECF No. 14.) Petitioner has filed a letter with the Court, which the Court has construed as a response to the motion to dismiss. (ECF No. 16.) For the reasons herein, the Court grants the motion to dismiss, dismisses the Petition, and declines to issue a certificate of appealability.

## DISCUSSION

Petitioner seeks relief for the alleged violation of his due process rights caused by New York's extradition procedure. As is evident from the Petition, Petitioner was extradited from New York to California and is no longer in New York state custody. (*See generally* ECF No. 1.) As the Attorney General notes, Petitioner is currently in custody pending trial for first degree murder and his bail for release from custody has been set at some $2 million. (ECF No. 14-1 Exs. A, B.) The Attorney General argues that the Petition must therefore be dismissed as moot. The Court agrees that the Petition must be dismissed.

Pursuant to Article III, federal court jurisdiction extends only to actual cases or controversies. *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70–71 (1983). The case or controversy requirement prevents a federal court from deciding "questions that cannot affect the rights of litigants in the case before them." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (internal quotation marks omitted). A petition for writ of habeas corpus becomes moot when it no longer presents a case or controversy. *Wilson v. Terhune*, 319 F.3d 477, 479 (9th Cir. 2003). "Mootness is jurisdictional." *Burnett v. Lampert*, 432 F.3d 996, 1000-01 (9th Cir. 2005). When a federal court cannot redress a party's actual injury with a favorable judicial decision, the case is moot and must be dismissed. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

Because Petitioner had already been extradited to California at the time he filed his Petition, the Petition never presented a live controversy for this Court. "Once [a] fugitive is returned to the demanding state, the right to challenge extradition becomes moot: the fugitive is no longer being detained by the asylum state, and so, the legality of his or her detention there is no longer at issue." *Barton v. Norrod*, 106 F.3d 1289, 1298 (6th Cir.

2
18cv1196

1997); *Harden v. Pataki*, 320 F.3d 1289, 1298–99 (11th Cir. 2003) (holding that, while habeas relief is mooted by the extradition, a civil rights action against the asylum state's officers who effected the extradition could proceed); *Perez v. Mims*, No. 1:16-cv-01935-DAD-SKO HC, 2017 U.S. Dist. LEXIS 33406, at *2 (E.D. Cal. Mar. 7, 2017) (dismissing habeas petition challenge to an order of extradition as moot when petitioner was extradited to face murder charges in foreign jurisdiction); *Thurston v. State*, No. 13-cv-00256-DKW/BMK, 2013 WL 2637827, at *3 (D. Haw. June 12, 2013) (dismissing as moot challenge to extradition when petitioner had already been extradited to demanding state). Therefore, Petitioner's challenge to New York state extradition procedures must be dismissed for lack of a justiciable controversy.

Although Petitioner contends that probable cause was lacking to support his extradition to California (ECF No. 16), "invalid extradition" is not "a sufficient ground upon which to grant habeas relief once the fugitive is present in the jurisdiction from which he fled." *Weilburg v. Shapiro*, 488 F.3d 1202, 1206 (9th Cir. 2007) (citing *Hudson v. Moran*, 760 F.2d 1027, 1029 (9th Cir. 1985); *Siegel v. Edwards*, 566 F.2d 958, 960 (5th Cir. 1978) (per curiam)). The record shows that Petitioner has been charged with crimes in California and is being processed accordingly. If Petitioner wishes to challenge his criminal charges or any convictions, he must do so first in the California state courts and only after exhausting his state court remedies may he pursue federal habeas related to those convictions. 28 U.S.C. § 2254; *see also Thurston*, 2013 WL 2637827, at *3.

## CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS** the motion to dismiss. (ECF No. 14.) The Court **DISMISSES WITH PREJUDICE** the Petition. The Court **DECLINES** to issue a certificate of appealability because the Court does not find that reasonable jurists would find the Court's conclusion debatable or wrong. *See* 28 U.S.C. § 2253(c)(2); 28 U.S.C. § 2254, foll. Rule 11(a). The Clerk of the Court is instructed to close this case.

**IT IS SO ORDERED.**

**DATED: October 10, 2018**

Hon. Cynthia Bashant
United States District Judge